the complaint without prejudice instead of upon the merits. The question was whether after submitting findings of fact and conclusions of law to the trial .court and excepting to the findings and conclusions made and failing to move for a correction of the judgment dismissing upon the merits so as to have stricken out the words " upon the merits," a plaintiff may raise on appeal the objection that the dismissal should have been without prejudice.

*Joseph P. Barrett* for appellant.

*John S. Montgomery* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

PANZIERI-HOGAN Co., INC., Respondent, *v.* HARRY H. BENDER, Appellant.

*Contract — action to recover balance unpaid on building contract — defense of damage by delay in completion of work — when strike excuse for delay.*

*Panzieri-Hogan Co., Inc.,* v. *Bender,* 205 App. Div. 398, affirmed.
(Argued November 28, 1923; decided December 27, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered May 25, 1923, affirming a judgment in favor of plaintiff entered upon a verdict. The action was brought to recover a balance conceded to remain unpaid by defendant to plaintiff upon a contract for the construction of a building. The answer, putting in issue no allegation of the complaint, alleges, by way of defense and counterclaim, that defendant, through plaintiff's failure to complete the building within the stipulated time, sustained damages through loss of rents to an amount equivalent to the balance unpaid upon the contract. The reply, besides putting in issue most of the material allegations of the counterclaim, avers, as an excuse for the delay in the completion of the building, a strike on the part of plaintiff's employees.

*Robert E. Whalen* for appellant.

*Thomas F. McDermott* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

JOSEPH GINELL, Respondent, *v.* THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant.

*Insurance — life — permanent disability clause — when illness from tuberculosis not permanent disability within meaning of contract.*

*Ginell* v. *Prudential Ins. Co.*, 205 App. Div. 494, reversed.

(Argued December 3, 1923; decided December 27, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered May 25, 1923, affirming a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury. The action was to recover under a permanent disability clause in a policy of insurance providing that, if the plaintiff should, during the continuance in force of the contract, furnish due proof to defendant that plaintiff, while less than sixty years old, had become "permanently disabled or physically or mentally incapacitated to such an extent that he, by reason of such disability or incapacity, is rendered wholly and permanently unable to engage in any occupation or perform any work for any kind of compensation of financial value, defendant, upon receipt of such proof," would in consideration of eleven cents per quarter waive payment of premiums, reserved in such contract, during such disability and pay to defendant ten dollars monthly, during such disability. Plaintiff, having become ill with tuberculosis, requested waiver of the premiums and payment of the indemnity which request was refused on the ground that the disability was not permanent within the meaning of the policy.

*William S. Ostrander, Edgar T. Brackett* and *Spencer B. Eddy* for appellant.

*A. F. Walsh* for respondent.